Hitchcock, J.
This being an action at common law in form ex contractu, if it were to be governed by the ordinary common-law rules, there is no doubt that the first error assigned would be fatal to the judgment; for perhaps no rule is better established, than that, in such case, all the defendants, or none of them, must be *137, 138 made liable. A verdict in favor of one, operates to acquit all But the declaration shows that the defendants wore unauthorized bankers, issuing and putting in circulation *paper in the similitude of bank notes or bills intended to pass as money; and this rule has been modified by statute, in cases like the one now before the court. On January 27, 1826, the act “to prohibit the issuing and circulating of unauthorized bank paper,” Swan’s Stat. 136, was passed, and makes provision for cases like this. Section 11 of that act provides, “that every stockholder, shareholder, or partner, hereafter interested in any such bank,” that is, any unauthorized bank, “shall be jointly and severally answerable, in their individual capacity, for the whole amount of the bonds, bills, notes, and contracts of such bank herealtor executed; anjr agreement, shift, or device, in such bond, bill, note, or contract, or otherwise, to the contrary notwithstanding.” ■ The next section provides that the holder of any such note, bond, bill, or contract! may institute suit and recover judgment against all or any part of the persons interested in such association. Section 14 provides that “if, during the progress or in the trial of such suit, it shall appear that any one or more of tho defendants are not liable to such action under this act, it shall not pi’event tho suit from proceeding as to any other defendant, but judgment shall be given for the full amount of such bond, bill, note, or contract, against anjr ono or more of the defendants, who may appear to be liable.” The judgment in this case was entered in pursuance of this provision. And wo must either sustain it or overrule the statuto itself. This we have no legitimate power, nor have we any desire to do, for we believe it to be based upon the principles of j ustice.
But it is claimed that this action is not under the statute, but is a mere ordinary action of debt. The statute does not give any new form of action ; it merely changes the rale of law as to tho mode of proceeding and in the rendition of judgment. It declares in section 13, “ that in such suit,” if it is a suit upon a bond, note, bill, or contract of .such unauthorized banking company, it shall “, be sufficient for the plaintiff to set forth, in substance, that he is the holder of such bond, note, bill, or contract; that the defendants were interested in said bank, at the -tdate of such bond, note, bill, or contract, or subsequently thereto ; and that the same is unpaid,” etc. All this has, “in substance” been done in tho *139 present case; and therefore, so far as the first error assigned is concerned, the judgment is well enough.
2. The second error assigned is, that the contract set forth in the declaration, and offered in evidence, is without consideration and void. It was a contract of an unauthorized banking institution, and the defendants were stockholders and shareholders of that association. The law before referred to makes the stockholders individually liable for all the contracts of the association. It is true that section 23 of the act of January 28, 1824, to regulate judicial proceedings where banks and bankers are parties, Swan’s. Stat. 147, provides that no action shall be brought upon any notes or bills thereafter issued by an unauthorized bank, and intended for circulation ; and that the same shall be held and taken in all courts as absolutely void. But this contract is not a note or bill intended for circulation. It is merely a certificate of deposit, and is such a contract as this court held in case of Wright against Porter and others was valid as against the stockholders of this same Orphans’ Institute and Bank. There was in fact, however, a consideration for the contract, and that consideration consisted in notes which had previously been issued by the same association, intended for circulation. And the argument is that, inasmuch as these notes were void, therefore' there was no consideration. The legislature, from motives of public policy, declared such notes to be void. But we can not, the.relore, go further and say that'Other contracts, which the same body has declared to be obligatory, are void.
The next error assigned is, that the declaration is defective in not setting forth the consideration upon which the contract was given. This, under the statute, is not necessary. ..But, in fact, the consideration does sufficiently appear in the contract itself; and this contract is made a part of the declaration. It was given for money deposited in the office of the association, *and which they promised to pay on the order of the defendants in error.
The fourth error assigned is, that there is a misjoinder of counts in the declaration, the first being in debt, and the last in assumpsit. i •
The record shows that the precipe in the case was in debt, the writ was in debt, the declaration commences in debt, it concludes as in debt, the plea is as in debt, and also the judgment. It is *140 true that the pleader has raised a promise upon the liability set forth, as in assumpsit. But this promise may well be rejected as surplusage. It was unnecessary to state it. And after verdict, when the case shows that the plaintiff had a good cause of action, although it may have been informally set forth, we would not, for that cause, arrest the judgment, nor will we, for such cause, reverse the judgment of an inferior tribunal. If the counsel for the plaintiff in error supposed there was a misjoinder in counts, it would have' been well to have demurred. But even had the question been ¡presented on demurrer, we incline to the opinion that the declaration must have been sustained.
This disposes of the fifth error assigned, which is, that the judgment is erroneous, because the declaration is in assumpsit, and the judgment in debt. We think the declaration is in debt, and therefore the judgment is properly entered.
In the opinion of the court there is no error in the record, and the judgment of the court of common pleas must bo affirmed.